UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:15-cr-462-T-35TGW

ILFRENISE CHARLEMAGNE

18 U.S.C. § 1343
18 U.S.C. § 641
18 U.S.C. § 1028A
18 U.S.C. § 981(a)(1)(C)-Forfeiture
28 U.S.C. § 2461(c)-Forfeiture

# SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNTS ONE THROUGH TWENTY
(WIRE FRAUD)

### A. Introduction

At times material to this Superseding Indictment:

1. Ilfrenise Charlemagne was a resident of the Middle and Southern Districts of Florida. She owned and operated Hilcrest Residential Assisted Living Facility ("Hilcrest") and its successor, Pleasant Alternative Assisted Living Facility ("Pleasant Alternative"), both of which were located at 220 5th Avenue North, St. Petersburg, in the Middle District of Florida. In or around October 2011, Charlemagne entered into a settlement agreement with the Florida Agency for Health Care Administration ("AHCA") as a result of the agency's shut down of Hilcrest wherein she agreed not to hold or apply for any type of license or registration issued by the AHCA for a period of five years, which was to apply to

her personally but also to any entity in which she may hold any type of ownership interest, directly or indirectly, or be a controlling interest, or be any type of officer or director.

2. Hilcrest was a residential assisted living facility for adults with serious mental illness, including schizophrenia, located at 220 5th Avenue North, St. Petersburg, FL. Charlemagne was the president and operator of Hilcrest Residential, Inc., and signatory on Hilcrest's operating bank accounts. Charlemagne obtained a Medicaid Provider number on behalf of Hilcrest in or around 2008, and began billing Medicaid or causing Medicaid to be billed as a provider of assisted care services for adults with serious mental health diagnoses, in or around July 2008. Charlemagne signed Hilcrest's Institutional Medicaid Provider Agreement on or about October 31, 2008, as the president of Hilcrest. In or around May 2011, AHCA inspectors shut down Hilcrest because the facility failed to ensure the rights of its residents to a safe and sanitary living environment and residents were at risk of serious injury and major health problems.

3. On or about October 21, 2011, Charlemagne changed Hilcrest Residential ALF, Inc.'s name to Pleasant Alternative, Inc. with the Florida Department of State Division of Corporations. Charlemagne designated N.C. as the president of Pleasant Alternative without N.C.'s knowledge or consent. Charlemagne operated Pleasant Alternative as a mental health extended care facility at 220 5th Avenue North, St. Petersburg, FL, the same location as Hilcrest. Charlemagne applied to AHCA for an operating license in or around April 2012,

and a Medicaid Provider number in or around August 2012, in both cases listing N.C. as the 100% owner and operator without N.C.'s knowledge or consent. In truth and in fact, Charlemagne owned and operated Pleasant Alternative, billed and caused to be billed Medicaid and other federal agencies, and controlled the funds in the Pleasant Alternative bank accounts. Pleasant Alternative was shut down by AHCA on or about April 4, 2013, finding that the facility posed a serious and immediate danger to the residents and the public.

4. The State of Florida Medicaid Program ("Medicaid") was a federal health care benefit program that provided coverage for indigent persons, children, and certain disabled individuals. The Medicaid program was funded through both federal and state tax revenue. In Florida, the Medicaid program was administered by AHCA. Certain health care practitioners, health care facilities, and/or health care plans that met the conditions of participation and eligibility requirements to be enrolled as Medicaid providers could be paid by Medicaid for providing Medicaid-covered services to Medicaid program recipients. Hilcrest and later Pleasant Alternative were, for a time, registered Medicaid providers and Charlemagne billed or caused to be billed Medicaid for services purportedly rendered to Medicaid recipients who were residents of these facilities.

5. The Social Security Administration ("SSA") was a federal agency that administered, among other things, the Supplemental Security Income ("SSI") benefit program and Disability Insurance Benefits. These programs were funded by federal tax dollars to help aged, blind, and disabled people who have little or no

income. SSA benefits provided funds to meet basic needs for food, clothing, and shelter. Individuals and facilities, such as ALF's, could be designated as third party administrators of a recipient's SSA benefits. Hilcrest and later Pleasant Alternative were, for a time, designated third party payees for SSI and SSA beneficiaries who were residents of these facilities.

**B. <u>Scheme</u>**

6. From an unknown date but at least in or around 2008, through and including the present, in the Middle District of Florida and elsewhere,

**ILFRENISE CHARLEMAGNE,**

did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

**C. <u>Manner and Means of the Scheme</u>**

7. The manner and means by which the defendant sought to accomplish the objects and purposes of the scheme included, among other things, the following:

a. It was part of the scheme and artifice that the defendant, Charlemagne, would and did own and operate residential assisted living facilities for adults with serious mental illness, including schizophrenia.

b. It was part of the scheme and artifice that the defendant, Charlemagne, would and did establish corporations and bank accounts in her

name and in the names of others that she controlled through which she conducted the business of the assisted living facilities she owned and operated.

c. It was part of the scheme and artifice that the defendant, Charlemagne, would and did enroll and cause to be enrolled the assisted living facilities as Medicaid providers and make claims to and cause others to make claims to Medicaid purportedly for the care and housing of the facilities' residents.

d. It was part of the scheme and artifice that the defendant, Charlemagne, would and did submit and cause to be submitted applications to be the third party payee for SSA and SSI benefits for the purported care and housing of the facilities' residents, which applications directed that the assisted living facilities owned and operated by the defendant would directly receive residents' SSA and SSI benefits. These third party payee applications promised that the defendant's assisted living facilities would only use SSI and SSA payments for the care and housing of the beneficiaries.

e. It was further part of the scheme and artifice that the defendant, Charlemagne, would and did receive Medicaid, SSI, and SSA benefits into bank accounts maintained and controlled by her for the benefit of her assisted living facilities' residents via interstate wire transmissions.

f. It was further part of the scheme and artifice that the defendant, Charlemagne, would and did use the Medicaid, SSI, and SSA benefits intended for the care and housing of her assisted living facilities' residents for her own use and the use of others.

g. It was further part of the scheme and artifice that the defendant, Charlemagne, would and did operate her assisted living facilities in such a manner that the residents were deprived of adequate food and care and were housed in substandard living conditions, resulting in the forced shutdown of the facilities by State of Florida authorities.

h. It was further part of the scheme and artifice that after entering into a settlement agreement with AHCA as a result of the agency's shut down of Hilcrest, the defendant, Charlemagne, would and did steal the identity of N.C. in order to reopen the facility under the name Pleasant Alternative.

i. It was further part of the scheme and artifice that the defendant, Charlemagne, would and did use N.C.'s identity to obtain a Medicaid provider number for Pleasant Alternative, which application she sent to AHCA via the U.S. mail.

j. It was further part of the scheme and artifice that the defendant, Charlemagne, would and did make claims and cause others to make claims for payment to Medicaid for Pleasant Alternative despite the settlement agreement with AHCA.

k. It was further part of the scheme and artifice that the defendant, Charlemagne, would and did use N.C.'s identity to open and maintain bank accounts in the of Pleasant Alternative into which Medicaid, SSI, and SSA payments were wired for the benefit of the facility's residents.

l. It was further part of the scheme and artifice that the defendant, Charlemagne, would and did conceal, misrepresent, and hide, and cause to be concealed, misrepresented, and hidden, the purpose of acts performed in furtherance of the scheme to defraud.

## D. INTERSTATE WIRE TRANSMISSIONS

8. On or about the dates listed below, in the Middle District of Florida and elsewhere, the defendant,

ILFRENISE CHARLEMAGNE,

for the purpose of executing the aforementioned scheme and artifice and attempting to do so, transmitted and caused to be transmitted by wire in interstate commerce the following:

| COUNT | DATE | WIRE | FROM | TO |
|---|---|---|---|---|
| ONE | 10/25/2012 | State of Florida Medicaid ACH payment of $1,030.08 | State of Florida Department of Financial Services account at Wells Fargo Bank ending in -5225 | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| TWO | 11/1/2012 | State of Florida Medicaid ACH payment of $3,906.88 | State of Florida Department of Financial Services account at Wells Fargo Bank ending in -5225 | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |

| COUNT | DATE | WIRE | FROM | TO |
|---|---|---|---|---|
| **THREE** | 11/1/2012 | SSI ACH payment of $698.00 for beneficiary F.N. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| **FOUR** | 11/1/2012 | SSI ACH payment of $698.00 for beneficiary R.F. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| **FIVE** | 11/1/2012 | SSI ACH payment of $698.00 for beneficiary E.J. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| **SIX** | 11/2/2012 | SSA ACH payment of $614.00 for beneficiary S.S. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |

| COUNT | DATE | WIRE | FROM | TO |
|---|---|---|---|---|
| SEVEN | 11/30/2012 | SSI ACH payment of $698.00 for beneficiary B.N. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| EIGHT | 11/30/2012 | SSI ACH payment of $698.00 for beneficiary R.F. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| NINE | 11/30/2012 | SSI ACH payment of $698.00 for beneficiary F.N. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| TEN | 11/30/2012 | SSI ACH payment of $698.00 for beneficiary E.J. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |

| COUNT | DATE | WIRE | FROM | TO |
|---|---|---|---|---|
| **ELEVEN** | 12/3/2012 | SSA ACH payment of $744.00 for beneficiary A.C. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| **TWELVE** | 12/3/2012 | SSA ACH payment of $614.00 for beneficiary S.S. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| **THIRTEEN** | 12/13/2012 | State of Florida Medicaid ACH payment of $4,176.00 | State of Florida Department of Financial Services account at Wells Fargo Bank ending in -5225 | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| **FOURTEEN** | 12/31/2012 | SSI ACH payment of $710.00 for beneficiary E.J. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |

| COUNT | DATE | WIRE | FROM | TO |
|---|---|---|---|---|
| **FIFTEEN** | 12/31/2012 | SSI ACH payment of $710.00 for beneficiary F.N. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| **SIXTEEN** | 12/31/2012 | SSI ACH payment of $710.00 for beneficiary R.F. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| **SEVENTEEN** | 12/31/2012 | SSI ACH payment of $710.00 for beneficiary B.N. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| **EIGHTEEN** | 1/3/2013 | SSA ACH payment of $757.00 for beneficiary A.C. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |

| COUNT | DATE | WIRE | FROM | TO |
|---|---|---|---|---|
| NINETEEN | 1/3/2013 | SSA ACH payment of $625.00 for beneficiary S.S. | U.S. Treasury in Washington, D.C. | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |
| TWENTY | 1/10/2013 | State of Florida Medicaid ACH payment of $5,632.96 | State of Florida Department of Financial Services account at Wells Fargo Bank ending in -5225 | Federal Reserve Bank Atlanta, Georgia; Wells Fargo Bank in Minneapolis, Minnesota; Pleasant Alternative Wells Fargo Account ending in -1568. |

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS TWENTY-ONE THROUGH FORTY**
**(Theft of Government Property)**

On or about the dates listed below, in the Middle District of Florida and elsewhere,

ILFRENISE CHARLEMAGNE,

the defendant herein, did knowingly and willfully steal, embezzle, purloin, and convert to her own use and the use of others, and aided and abetted the stealing, embezzling, purloining, and conversion of more than $1000 in United States currency with the intent to deprive the owner of the use and benefit of the property so taken, said funds being Medicaid and Social Security Administration benefits intended for the care and treatment of residents of Pleasant Alternative, received

into the Pleasant Alternative Wells Fargo Bank account on the dates listed below, which were the property of the United States Treasury and of the United States of America:

| COUNT | DATE OF PAYMENT | PAYMENT | RECIPIENT ACCOUNT |
|---|---|---|---|
| **TWENTY-ONE** | 10/25/2012 | State of Florida Medicaid ACH payment of $1,030.08 | Pleasant Alternative Wells Fargo Account ending in -1568. |
| **TWENTY-TWO** | 11/1/2012 | State of Florida Medicaid ACH payment of $3,906.88 | Pleasant Alternative Wells Fargo Account ending in -1568. |
| **TWENTY-THREE** | 11/1/2012 | SSI ACH payment of $698.00 for beneficiary F.N. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| **TWENTY-FOUR** | 11/1/2012 | SSI ACH payment of $698.00 for beneficiary R.F. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| **TWENTY-FIVE** | 11/1/2012 | SSI ACH payment of $698.00 for beneficiary E.J. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| **TWENTY-SIX** | 11/2/2012 | SSA ACH payment of $614.00 for beneficiary S.S. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| **TWENTY-SEVEN** | 11/30/2012 | SSI ACH payment of $698.00 for beneficiary B.N. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| **TWENTY-EIGHT** | 11/30/2012 | SSI ACH payment of $698.00 for beneficiary R.F. | Pleasant Alternative Wells Fargo Account ending in -1568. |

| COUNT | DATE OF PAYMENT | PAYMENT | RECIPIENT ACCOUNT |
|---|---|---|---|
| TWENTY-NINE | 11/30/2012 | SSI ACH payment of $698.00 for beneficiary F.N. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| THIRTY | 11/30/2012 | SSI ACH payment of $698.00 for beneficiary E.J. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| THIRTY-ONE | 12/3/2012 | SSA ACH payment of $744.00 for beneficiary A.C. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| THIRTY-TWO | 12/3/2012 | SSA ACH payment of $614.00 for beneficiary S.S. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| THIRTY-THREE | 12/13/2012 | State of Florida Medicaid ACH payment of $4,176.00 | Pleasant Alternative Wells Fargo Account ending in -1568. |
| THIRTY-FOUR | 12/31/2012 | SSI ACH payment of $710.00 for beneficiary E.J. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| THIRTY-FIVE | 12/31/2012 | SSI ACH payment of $710.00 for beneficiary F.N. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| THIRTY-SIX | 12/31/2012 | SSI ACH payment of $710.00 for beneficiary R.F. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| THIRTY-SEVEN | 12/31/2012 | SSI ACH payment of $710.00 for beneficiary B.N. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| THIRTY-EIGHT | 1/3/2013 | SSA ACH payment of $757.00 for beneficiary A.C. | Pleasant Alternative Wells Fargo Account ending in -1568. |

| COUNT | DATE OF PAYMENT | PAYMENT | RECIPIENT ACCOUNT |
|---|---|---|---|
| THIRTY-NINE | 1/3/2013 | SSA ACH payment of $625.00 for beneficiary S.S. | Pleasant Alternative Wells Fargo Account ending in -1568. |
| FORTY | 1/10/2013 | State of Florida Medicaid ACH payment of $5,632.96 | Pleasant Alternative Wells Fargo Account ending in -1568. |

In violation of Title 18, United States Code, Sections 641 and 2.

**COUNT FORTY-ONE**
(AGGRAVATED IDENTITY THEFT)

On or about August 2, 2012, in the Middle District of Florida and elsewhere,

ILFRENISE CHARLEMAGNE,

the defendant herein, did knowingly transfer, possess, and use without lawful authority, a means of identification of another actual person, and aided and abetted others in the transfer, possession, and use without lawful authority of a means of identification of another person, specifically the name of N.C. on a Medicaid Provider Agreement for Pleasant Alternative, during and in relation to the felony offenses of theft of government property, in violation of 18 U.S.C. § 641 and wire fraud, in violation of 18 U.S.C. § 1343.

In violation of Title 18, United States Code, Sections1028A and 2.

**FORFEITURE**

1. The allegations contained in Counts One through Forty of this Superseding Indictment is incorporated by reference for the purpose of alleging

forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28 United States Code, Section 2461(c).

2. Upon conviction of a violation of Title 18, United States Code, Sections 1343 and 641 alleged in Count One through Forty of the Superseding Indictment, the defendant,

ILFRENISE CHARLEMAGNE,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to her ~~his~~ offenses.

3. The assets to be forfeited include, but are not limited to, a money judgment in the amount of at least $269,570.18, such money judgment representing the proceeds of his offense.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, sold to or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL,

Michael J. Daly

Foreperson

A. LEE BENTLEY, III
United States Attorney

By: Amanda L. Riedel
Amanda L. Riedel
Assistant United States Attorney

By:
Robert A. Mosakowski
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
APR 1991

No. 8:15-cr-462-T-35TGW

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ILFRENISE CHARLEMAGNE

**SUPERSEDING INDICTMENT**

Violations:

18 U.S.C. § 1343
18 U.S.C. § 641
18 U.S.C. § 1028A

A true bill,

Michael J. Daly
______________________________
Foreperson

Filed in open court this 7th day

of April, 2016.

______________________________
Clerk

FILED
2016 APR -7 PM 4:04

Bail $__________________

GPO 863 525